UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION

CASE NO.: 9:26-cv-80862

ELIUD CAMPOS,

       Plaintiff

v.

JUPITER INTERNAL MEDICINE
ASSOCIATES, P.A.,

       Defendant.

_____/

## **COMPLAINT**

Plaintiff, ELIUD CAMPOS, by and through undersigned counsel, hereby sues Defendant, JUPITER INTERNAL MEDICINE ASSOCIATES, P.A., on the grounds set forth herein.

### Introduction

1. This is an action by Plaintiff, ELIUD CAMPOS (hereinafter, "CAMPOS" or "Plaintiff"), under the Age Discrimination in Employment Act, 29 U.S.C. 623 (ADEA), and the Florida Civil Rights Act of 1992 (FCRA), Florida Statute Section 760, to redress the injury done to her by the Defendant JUPITER INTERNAL MEDICINE ASSOCIATES, P.A.'s (hereinafter, "JUPITER INTERNAL MEDICINE" or "Defendant"), discriminatory treatment based on her Age.

### Jurisdiction and Venue

2. This is an action for damages brought in excess of $15,000.00, exclusive of interest, attorney's fees, and costs.

3. This action is authorized and instituted pursuant to the Age Discrimination in Employment Act, 29 U.S.C. 623 (ADEA), and the Florida Civil Rights Act of 1992 (FCRA), Florida Statute Section 760.

4. This Court has jurisdiction over Plaintiff's claims pursuant to 28 U.S.C. §1331 and §1343. Plaintiff invokes this Court's supplemental and pendant jurisdiction over Plaintiff's state law claims because they arise out of the same nucleus of operative facts as the federal case and pursuant to 28 U.S.C. §§1332 and 1367.

5. The venue of this action is properly placed in the Southern District of Florida, West Palm Beach Division, pursuant to 28 U.S.C. §1391(b), since the employment practices hereafter alleged to be unlawful were committed in Palm Beach County, within the jurisdiction of this Honorable Court.

Parties

6. Plaintiff CAMPOS is a resident of Palm Beach County, Florida, within the jurisdiction of this Court, who the Defendant employed. The Plaintiff is a member of certain protected classes of persons because of her Age under federal and state law.

7. Defendant JUPITER INTERNAL MEDICINE is a Florida Profit Corporation duly registered and conducting business in Palm Beach County, Florida, within the jurisdiction of this Honorable Court.

8. At all relevant times, Defendant JUPITER INTERNAL MEDICINE has continuously been an employer engaged in an industry affecting commerce under Section 701(b), (g), and (h) of Title VII, 42 U.S.C. § 2000e (b), (g), and (h), and at

all times relevant Defendant had 15 or more employees for each working day in each of 20 or more calendar weeks.

## Procedural Requirements

9. All conditions precedent for this action have been fulfilled. On or about June 3rd, 2026, Plaintiff CAMPOS dual-filed her Charge of Discrimination with the EEOC and with the Florida Commission on Human Relations within 300 days of the alleged violation. On or about June 5th, 2026, upon request, the U.S. Equal Employment Opportunity Commission issued to Plaintiff a "Notice of Right to Sue" with respect to such charge of Discrimination. Consequently, the present Complaint is being filed within 90 days from the Plaintiff's receipt of the Notice of Right To Sue. *See composite Exhibit "A."*

## Statement of Facts

10. Plaintiff, CAMPOS, is a 62-year-old individual.  Plaintiff is a member of a protected class under the Age Discrimination in Employment Act (ADEA), 29 U.S.C. § 623, and the Florida Civil Rights Act of 1992 (FCRA), Fla. Stat. § 760, by virtue of her age as defined under federal and state law.

11. Defendant, JUPITER INTERNAL MEDICINE, is a medical practice specializing in internal medicine, located at 600 University Boulevard, Suite 105, Jupiter, Florida, 33458, where Plaintiff worked.

12. Defendant JUPITER INTERNAL MEDICINE employed Plaintiff as a salaried employee from approximately July of 2007, through March 25th, 2026, or close to 19 years.

13. Plaintiff worked as a maintenance employee, having duties cleaning and maintaining Defendant's offices.

14. At the time of her termination, Plaintiff earned $2,550.00 per month.

15. Plaintiff possessed all of the required skills, training, and qualifications for her position and during her long tenure, Plaintiff fulfilled her duties and responsibilities without significant issue or controversy.

16. Despite her strong qualifications, experience, and long tenure, Plaintiff was subjected to discrimination based on her Age while employed by Defendant JUPITER INTERNAL MEDICINE.

17. During the latter part of her employment, Plaintiff's supervisor and owner of the medical practice, Dr. Daniel Boss, began to mistreat and discriminate against Plaintiff on account of her age.

18. Dr. Daniel Boss disparaged Plaintiff solely on account of her age and expressed his discriminatory animus towards Plaintiff by subjecting Plaintiff to a hostile work environment on account of her age.

19. In a frequent and pervasive manner, Dr. Daniel Boss created a hostile work environment for Plaintiff by repeatedly yelling at Plaintiff and telling Plaintiff that he did not want to see her and did not want to talk to her.  Dr. Daniel Boss constantly paid Plaintiff late in an effort to get her to resign.  Dr. Daniel Boss also threatened Plaintiff that he would fire her if he saw her in his office, which she had to clean as part of her duties.

20. The intentional withholding of wages, along with the hostile work environment Plaintiff CAMPOS was being subjected to, was so severe that it affected the terms and conditions of her employment and created an abusive atmosphere at work.

21. Subjectively, Plaintiff felt the hostility to be severe and pervasive.

22. Objectively, any reasonable person in Plaintiff's position would view the hostility as severe and pervasive, and as having the effect of altering the terms and conditions of employment.

23. Younger employees were treated more favorably than her.  Younger employees were not subjected to an objectively hostile work environment.

24. Plaintiff continuously was subjected to objectively intolerable working conditions.

25. These conditions resulted from the unlawful discrimination occurring in the workplace.

26. On or about February of 2026, not being able to withstand the hostile work environment she was being subjected to, Plaintiff CAMPOS engaged in statutorily protected activity by complaining to company owner, Dr. Daniel Boss, about age discrimination.

27. In response, company owner, Dr. Daniel Boss, dismissed Plaintiff's complaints and objections to age discrimination and advised Plaintiff that he was going to fire her.

28. On or about March 25th, 2026, weeks after Plaintiff had engaged in statutorily protected activity, Defendant JUPITER INTERNAL MEDICINE terminated Plaintiff's employment via written correspondence.

29. Plaintiff's termination was clearly motivated by discriminatory animus and retaliatory conduct. Her unjustified termination demonstrates willful and reckless disregard for Plaintiff's federally and state-protected rights.

30. After being terminated, Plaintiff was replaced by a younger employee outside of her protected group.

31. At the time of her termination, Plaintiff was satisfactorily performing her essential job functions. The only apparent reason for her termination was unlawful Age discrimination and retaliation.

32. Plaintiff's discharge was directly and proximately caused by Age discrimination, in violation of the ADEA and the FCRA.

33. Therefore, on or about March 25th, 2026, Plaintiff was wrongfully terminated, and her rights under the provisions of the ADEA and the FCRA were violated.

34. Defendant's actions were intentional, malicious, and in reckless disregard of Plaintiff's federally and state-protected rights.

35. Because of Defendant's willful, wanton, and malicious acts, Plaintiff has sustained damages for the loss of her employment, as well as the security and peace of mind it provided her. Plaintiff has incurred additional damages, including lost wages, pain and suffering, mental anguish, and other damages connected with the loss of her job.

36. Defendant JUPITER INTERNAL MEDICINE is vicariously liable for the actions of its management because it failed to take appropriate remedial measures despite being aware of Age discrimination in the workplace, and effectively ratified

Plaintiff's unlawful termination based solely on her age and complaints of age discrimination.

37. Plaintiff has retained undersigned counsel to represent her in this matter and is obliged to pay reasonable attorneys' fees and costs.

## COUNT I:
## VIOLATION OF THE AGE DISCRIMINATION IN EMPLOYMENT ACT OF 1967, 29 U.S.C. § 623 (ADEA): DISCRIMINATION BASED ON AGE

38. Plaintiff CAMPOS re-adopts every factual allegation as stated in paragraphs 1-37 above as if set out in full herein.

39. The Plaintiff is a member of a protected class under the Age Discrimination in Employment Act of 1967, 29 U.S.C. §623 (d).

40. Defendant JUPITER INTERNAL MEDICINE employed Plaintiff as a salaried employee from approximately July of 2007, through March 25th, 2026, or close to 19 years.

41. Plaintiff worked as a maintenance employee, having duties cleaning and maintaining Defendant's offices.

42.  At the time of her termination, Plaintiff earned $2,550.00 per month.

43. Plaintiff possessed all of the required skills, training, and qualifications for her position and during her long tenure, Plaintiff fulfilled her duties and responsibilities without significant issue or controversy.

44. Despite her strong qualifications, experience, and long tenure, Plaintiff was subjected to discrimination based on her Age while employed by Defendant JUPITER INTERNAL MEDICINE.

45. During the latter part of her employment, Plaintiff's supervisor and owner of the medical practice, Dr. Daniel Boss, began to mistreat and discriminate against Plaintiff on account of her age.

46. Dr. Daniel Boss disparaged Plaintiff solely on account of her age and expressed his discriminatory animus towards Plaintiff by subjecting Plaintiff to a hostile work environment on account of her age.

47. In a frequent and pervasive manner, Dr. Daniel Boss created a hostile work environment for Plaintiff by repeatedly yelling at Plaintiff and telling Plaintiff that he did not want to see her and did not want to talk to her.  Dr. Daniel Boss constantly paid Plaintiff late in an effort to get her to resign.  Dr. Daniel Boss also threatened Plaintiff that he would fire her if he saw her in his office, which she had to clean as part of her duties.

48. The intentional withholding of wages, along with the hostile work environment Plaintiff CAMPOS was being subjected to, was so severe that it affected the terms and conditions of her employment and created an abusive atmosphere at work.

49. Subjectively, Plaintiff felt the hostility to be severe and pervasive.

50. Objectively, any reasonable person in Plaintiff's position would view the hostility as severe and pervasive, and as having the effect of altering the terms and conditions of employment.

51. Younger employees were treated more favorably than her.  Younger employees were not subjected to an objectively hostile work environment.

52. Plaintiff continuously was subjected to objectively intolerable working conditions.

53. These conditions resulted from the unlawful discrimination occurring in the workplace.

54. On or about February of 2026, not being able to withstand the hostile work environment she was being subjected to, Plaintiff CAMPOS engaged in statutorily protected activity by complaining to company owner, Dr. Daniel Boss, about age discrimination.

55. In response, company owner, Dr. Daniel Boss, dismissed Plaintiff's complaints and objections to age discrimination and advised Plaintiff that he was going to fire her.

56. On or about March 25th, 2026, weeks after Plaintiff had engaged in statutorily protected activity, Defendant JUPITER INTERNAL MEDICINE terminated Plaintiff's employment via written correspondence.

57. Plaintiff's termination was clearly motivated by discriminatory animus and retaliatory conduct. Her unjustified termination demonstrates willful and reckless disregard for Plaintiff's federally and state-protected rights.

58. After being terminated, Plaintiff was replaced by a younger employee outside of her protected group.

59. At the time of her termination, Plaintiff was satisfactorily performing her essential job functions. The only apparent reason for her termination was unlawful Age discrimination and retaliation.

60. At all times material hereto, the Employer/Defendant JUPITER INTERNAL MEDICINE failed to comply with the Age Discrimination in Employment Act, 29 U.S.C. § 623 (a) et seq., as amended (ADEA), which states, "It shall be unlawful for an employer:  (1) to fail or refuse to hire or to discharge any individual, or

otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's age; (2) to limit, segregate, or classify his employees in any way which would deprive or tend to deprive any individual of employment opportunities or otherwise adversely affect his status as an employee, because of such individual's age; or (3) to reduce the wage rate of any employee in order to comply with this chapter."

61. The discrimination of Plaintiff by Defendant was caused by the Defendant being aware of the Plaintiff's age, to wit: 62 years of age at the time of her termination.

62. At the time of the unlawful discrimination, the Plaintiff did perform and excel at the performance of the essential functions assigned to her by Defendant.  The Plaintiff was qualified for the position apart from her apparent Age.

63. Plaintiff was replaced by a younger employee, with far less experience.

64. Defendant is a sophisticated employer who has actual knowledge of the requirements of the Age Discrimination in Employment Act of 1967, as amended.

65. The failure of the Defendant to adhere to the mandates of the Act was willful, and its violations of the provisions of the Act were willful.

66. Defendant, through its practices and policies as an employer, willfully, and with malicious or reckless disregard of Plaintiff's federally protected rights, discriminated against Plaintiff on account of her Age in violation of the Act with respect to its decision to treat Plaintiff differently from other employees.

67. The Defendant discharged the Plaintiff, and the Plaintiff's termination from employment was directly and proximately caused by the Defendant's unjustified

discrimination against Plaintiff because she was 62 years old, in violation of the Act.

68. Any alleged nondiscriminatory reason for the termination of Plaintiff's employment asserted by Defendant, is a mere pretext for the actual reasons for her discharge, Plaintiff's Age.

69. Defendant's actions were malicious and were recklessly indifferent to the Plaintiff's rights, protecting a person from discrimination due to her Age. The discrimination based on Age constitutes unlawful discrimination.

70. As a direct and proximate result of the Defendant's intentional conduct, Plaintiff suffered serious economic losses as well as mental pain and suffering.

71. Defendant, JUPITER INTERNAL MEDICINE, is subject to vicarious liability for the actions of its agents because it failed to take adequate remedial measures to halt the discrimination and harassment to which Plaintiff was subjected to, despite Defendant's knowledge that such discrimination and harassment was occurring.

72. Plaintiff has retained the law offices of the undersigned attorney to represent her in this action and is obliged to pay reasonable attorneys' fees and costs.

<u>Prayer For Relief</u>

Wherefore, Plaintiff CAMPOS respectfully requests that this court order the following:

A. Grant a permanent injunction enjoining Defendant JUPITER INTERNAL MEDICINE, its officers, successors, assigns, and all persons in active concert or participation with it, from engaging in any employment practice which discriminates based on Age.

B.  Reinstate Plaintiff CAMPOS to the same position she held before the discriminatory personnel action or to an equivalent position.

C.  Reinstate full fringe benefits and seniority rights to Plaintiff CAMPOS.

D.  Order Defendant JUPITER INTERNAL MEDICINE to make Plaintiff whole by compensating Plaintiff for lost wages and benefits, including front pay, back pay with prejudgment interest, and other remuneration for mental pain, anguish, pain, and humiliation resulting from the employment Discrimination suffered.

E.  Award a money judgment representing prejudgment interest.

F.  Award any other compensation allowed by law, including punitive damages,

G.  Award attorney's fees and costs.

### Jury Trial Demand

Plaintiff CAMPOS demands a trial by jury on all issues triable as a matter of right.

### COUNT II:
### RETALIATION IN VIOLATION OF THE AGE DISCRIMINATION IN EMPLOYMENT ACT OF 1967, 29 U.S.C. § 623 (d) (ADEA): ANTI-RETALIATION PROVISION

73. Plaintiff CAMPOS re-adopts every factual allegation as stated in paragraphs 1-37 above as if set out in full herein.

74. This is an action against Defendant JUPITER INTERNAL MEDICINE for unlawful retaliation under the Age Discrimination in Employment Act of 1967, 29 U.S.C. §623 (d).

75. The Plaintiff is a member of a protected class under the Age Discrimination in Employment Act of 1967, 29 U.S.C. §623 (d).

76. Defendant employed Plaintiff as a salaried employee from approximately July of 2007 through March 25th, 2026, or close to 19 years.

77. Plaintiff worked as a maintenance employee, having duties cleaning and maintaining Defendant's offices.

78. At the time of her termination, Plaintiff earned $2,550.00 per month.

79. At all times material hereto, the Employer/Defendant failed to comply with the Age Discrimination in Employment Act of 1967, 29 U.S.C. §623 (d), which states, "It shall be unlawful for an employer to discriminate against any of his employees or applicants for employment,…because such individual,… *has opposed any practice made unlawful by this section*, or because such individual,… has made a charge, testified, assisted or participated in any manner in an investigation, proceeding, or litigation under this chapter" (emphasis added).

80. During the time Plaintiff was employed by Defendant, Plaintiff was subjected to unlawful acts of Discrimination, and she was further subjected to a hostile work environment based on her Age.

81. On or about February of 2026, Plaintiff engaged in statutorily protected activity and complained about Age discrimination.

82. This complaint constituted protected activity under ADEA.

83. On or about March 25th, 2026, weeks after Plaintiff had engaged in statutorily protected activity, Defendant JUPITER INTERNAL MEDICINE terminated Plaintiff's employment via written correspondence.

84. By disregarding Plaintiff's complaints and failing to remedy the situation, Defendant knowingly ratified and reinforced its discriminatory conduct. Defendant's refusal to act, despite being placed on clear notice that Plaintiff was

being subjected to age discrimination, demonstrates willful and reckless disregard for Plaintiff's federally protected rights.

85. Plaintiff was replaced by a younger employee with far less experience.

86. Plaintiff's termination occurred shortly after she engaged in protected activity by opposing age discrimination.

87. This protected activity resulted in retaliatory adverse actions that altered the terms, conditions, and privileges of the Plaintiff's employment.

88. At the time of Defendant's termination of her employment, Plaintiff did perform and excel at the performance of the essential functions of her position.

89. Any alleged nondiscriminatory reason for terminating Plaintiff asserted by Defendant is a mere pretext for the actual reasons for termination, Plaintiff's complaints of Discrimination and hostile work environment due to her Age.

90. Retaliation based on having engaged in a protected activity constitutes unlawful retaliation within the meaning of the Age Discrimination in Employment Act of 1967, 29 U.S.C. §623 (d).

91. Defendant JUPITER INTERNAL MEDICINE is subject to vicarious liability because it failed to take adequate remedial measures to halt the Discrimination, Hostile Work Environment, and Retaliation to which Plaintiff was subjected, despite Defendant's knowledge that such Discrimination, Hostile Work Environment, and Retaliation were occurring.

92. Furthermore, Defendant knowingly condoned and ratified the Age Discrimination and retaliation against Plaintiff.

93. As a direct and proximate result of the actions and/or omissions of Defendant, Plaintiff has suffered injury and losses, including a violation of her statutory rights.

94. Plaintiff CAMPOS has incurred substantial monetary losses and has suffered emotional distress, embarrassment, and humiliation.

95. Plaintiff has retained the law offices of the undersigned attorney to represent her in this action and is obliged to pay reasonable attorneys' fees and costs.

<u>Prayer For Relief</u>

Wherefore, Plaintiff CAMPOS respectfully requests that this court order the following:

A. Grant a permanent injunction enjoining Defendant JUPITER INTERNAL MEDICINE, its officers, successors, assigns, and all persons in active concert or participation with it, from engaging in employment practice which constitutes unlawful retaliation for having engaged in protected activity, and;

B. Reinstate Plaintiff CAMPOS to the same position she held before the retaliatory personnel action or to an equivalent position;

C. Reinstate full fringe benefits and seniority rights to Plaintiff;

D. Order Defendant JUPITER INTERNAL MEDICINE to make Plaintiff whole by compensating Plaintiff for lost wages, benefits, including front pay, back pay with prejudgment interest, and other remuneration for mental pain, anguish, pain, and humiliation due to the Discrimination against Plaintiff and due to the retaliatory discharge;

E. For a money judgment representing prejudgment interest;

F. Award any other compensation allowed by law, including compensatory damages, punitive damages, and attorneys' fees and costs.

Jury Trial Demand

Plaintiff CAMPOS demands a trial by jury on all issues triable as a matter of right.

**COUNT III:**
**VIOLATION OF THE FLORIDA CIVIL RIGHTS ACT OF 1992**
**CHAPTER 760: DISCRIMINATION BASED ON AGE**

96. Plaintiff CAMPOS adopts every factual allegation as stated in paragraphs 1-37 and above as if set out in full herein.

97. The Plaintiff is a member of a protected class under the Age Discrimination in Employment Act of 1967, 29 U.S.C. §623 (d), and the Florida Civil Rights Act of 1992 (FCRA).

98. Defendant JUPITER INTERNAL MEDICINE employed Plaintiff as a salaried employee from approximately July of 2007, through March 25th, 2026, or close to 19 years.

99. Plaintiff worked as a maintenance employee, having duties cleaning and maintaining Defendant's offices.

100. At the time of her termination, Plaintiff earned $2,550.00 per month.

101. Plaintiff possessed all of the required skills, training, and qualifications for her position and during her long tenure, Plaintiff fulfilled her duties and responsibilities without significant issue or controversy.

102. Despite her strong qualifications, experience, and long tenure, Plaintiff was subjected to discrimination based on her Age while employed by Defendant JUPITER INTERNAL MEDICINE.

103. During the latter part of her employment, Plaintiff's supervisor and owner of the medical practice, Dr. Daniel Boss, began to mistreat and discriminate against Plaintiff on account of her age.

104. Dr. Daniel Boss disparaged Plaintiff solely on account of her age and expressed his discriminatory animus towards Plaintiff by subjecting Plaintiff to a hostile work environment on account of her age.

105. In a frequent and pervasive manner, Dr. Daniel Boss created a hostile work environment for Plaintiff by repeatedly yelling at Plaintiff and telling Plaintiff that he did not want to see her and did not want to talk to her. Dr. Daniel Boss constantly paid Plaintiff late in an effort to get her to resign. Dr. Daniel Boss also threatened Plaintiff that he would fire her if he saw her in his office, which she had to clean as part of her duties.

106. The intentional withholding of wages, along with the hostile work environment Plaintiff CAMPOS was being subjected to, was so severe that it affected the terms and conditions of her employment and created an abusive atmosphere at work.

107. Subjectively, Plaintiff felt the hostility to be severe and pervasive.

108. Objectively, any reasonable person in Plaintiff's position would view the hostility as severe and pervasive, and as having the effect of altering the terms and conditions of employment.

109. Younger employees were treated more favorably than her. Younger employees were not subjected to an objectively hostile work environment.

110.     Plaintiff continuously was subjected to objectively intolerable working conditions.

111.     These conditions resulted from the unlawful discrimination occurring in the workplace.

112.     On or about February of 2026, not being able to withstand the hostile work environment she was being subjected to, Plaintiff CAMPOS engaged in statutorily protected activity by complaining to company owner, Dr. Daniel Boss, about age discrimination.

113.     In response, company owner, Dr. Daniel Boss, dismissed Plaintiff's complaints and objections to age discrimination and advised Plaintiff that he was going to fire her.

114.     On or about March 25th, 2026, weeks after Plaintiff had engaged in statutorily protected activity, Defendant JUPITER INTERNAL MEDICINE terminated Plaintiff's employment via written correspondence.

115.     Plaintiff's termination was clearly motivated by discriminatory animus and retaliatory conduct.  Her unjustified termination demonstrates willful and reckless disregard for Plaintiff's federally and state-protected rights.

116.     After being terminated, Plaintiff was replaced by a younger employee outside of her protected group.

117.     At the time of her termination, Plaintiff was satisfactorily performing her essential job functions. The only apparent reason for her termination was unlawful Age discrimination and retaliation.

118.    At all times material hereto, the Employer/Defendant, JUPITER INTERNAL MEDICINE, failed to comply with the Florida Civil Rights Act of 1992 [Florida Statutes Section 760.10], which states,

"*It is an unlawful employment practice for an employer: To discharge or to fail or refuse to hire any individual, or otherwise to discriminate against any individual with respect to compensation, terms, conditions, or privileges of employment, because of such individual's race*, color, *religion, sex, National Origin, age, handicap, or marital status"*

119.    The Discrimination of Plaintiff CAMPOS by Defendant JUPITER INTERNAL MEDICINE was caused by Defendant being aware of Plaintiff's Age.

120.    Defendant's decision to discriminate against Plaintiff CAMPOS was based on Plaintiff's Age.

121.    At all relevant times, including the time of Discrimination, Defendant JUPITER INTERNAL MEDICINE was aware that Plaintiff CAMPOS was 62 years old.

122.    At the time of the unlawful Discrimination, Plaintiff did perform and excel at the performance of the essential functions assigned to her by Defendant.

123.    The Plaintiff was qualified for the position apart from her apparent Age.

124.    Plaintiff was replaced by a younger employee, with far less experience.

125.    Defendant JUPITER INTERNAL MEDICINE is a sophisticated employer who is aware of the requirements of the Florida Civil Rights Act, Chapter 760.

126.    The failure of Defendant JUPITER INTERNAL MEDICINE to adhere to the mandates of the Act was willful, and its violations of the provisions of the Act were willful.

127.     Defendant JUPITER INTERNAL MEDICINE, through its practices and policies as an employer, willfully and with malicious or reckless disregard of Plaintiff's state-protected rights, discriminated against Plaintiff CAMPOS on account of her Age in violation of the Act, with respect to its decision to treat Plaintiff differently from other employees.

128.     Defendant JUPITER INTERNAL MEDICINE wrongfully terminated Plaintiff CAMPOS, and Defendant's unjustified age discrimination against Plaintiff directly and proximately caused Plaintiff's termination from employment.

129.     As a direct and proximate result of Defendant's intentional conduct, Plaintiff CAMPOS suffered serious economic losses as well as mental anguish, humiliation, pain, and suffering.

130.     Any alleged nondiscriminatory reason for the termination of Plaintiff's employment asserted by Defendant, JUPITER INTERNAL MEDICINE, is a mere pretext for the actual reasons for the discharge, Plaintiff's Age.

131.     Defendant JUPITER INTERNAL MEDICINE is subject to vicarious liability for the actions of its agents because it failed to take adequate remedial measures to halt the Discrimination and Harassment to which Plaintiff was subjected to, despite Defendant's knowledge that such Discrimination and Harassment was occurring.

132.     Defendant's actions were malicious and were recklessly indifferent to the Plaintiff's rights, protecting a person from Discrimination due to their Age.

133.      Discrimination based on Age constitutes unlawful Discrimination in violation of the Florida Civil Rights Act, Chapter 760.

134.     Plaintiff CAMPOS has retained the law offices of the undersigned attorney to represent her in this action and is obliged to pay reasonable attorneys' fees and costs.

Prayer For Relief

Wherefore, Plaintiff CAMPOS respectfully requests that this court order the following:

A. Grant a permanent injunction enjoining Defendant JUPITER INTERNAL MEDICINE, its officers, successors, assigns, and all persons in active concert or participation with it from engaging in any employment practice which discriminates based on Age;

B. Reinstate Plaintiff CAMPOS to the same position held before the discriminatory personnel action, or to an equivalent position;

C. Reinstate full fringe benefits and seniority rights to Plaintiff;

D. Order Defendant JUPITER INTERNAL MEDICINE to make Plaintiff CAMPOS whole by compensating Plaintiff for lost wages, benefits, including front pay, back pay with prejudgment interest, and other remuneration for mental pain, anguish, pain, and humiliation;

E. For a money judgment representing prejudgment interest;

F. Award any other compensation allowed by law, including punitive damages and attorney's fees (§448.104, Fla. Stat.)

Jury Trial Demand

Plaintiff CAMPOS demands a trial by jury on all issues triable as a matter of right.

## COUNT IV:
## VIOLATION OF THE FLORIDA CIVIL RIGHTS ACT, CHAPTER 760, FLORIDA STATUTES; RETALIATION

135.    Plaintiff CAMPOS re-adopts every factual allegation as stated in paragraphs 1-37 of this Complaint as if set out in full herein

136.    This is an action against Defendant JUPITER INTERNAL MEDICINE for unlawful retaliation under the Florida Civil Rights Act, Chapter 760, FL Statutes (FCRA).

137.    The Plaintiff is a member of a protected class under the Age Discrimination in Employment Act of 1967, 29 U.S.C. §623 (d), and the Florida Civil Rights Act of 1992 (FCRA).

138.    Defendant employed Plaintiff as a salaried employee from approximately July of 2007 through March 25th, 2026, or close to 19 years.

139.    Plaintiff worked as a maintenance employee, having duties cleaning and maintaining Defendant's offices.

140.    At the time of her termination, Plaintiff earned $2,550.00 per month.

141.    The FCRA contains an anti-retaliation provision forbidding employers from retaliating against or taking adverse personnel action against employees who exercise their lawful and protected rights under Title VII.

142.    The FCRA, *Fla. Stat. Section 760.10,* (7) reads in the applicable part, as follows:

"It is an unlawful employment practice for an employer, an employment agency, a joint labor management committee, or a labor organization to discriminate against any person because that person has opposed any practice which is an unlawful

employment practice under this section, or because that person has made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under this section".

143.     During the time the time Plaintiff was employed by Defendant, Plaintiff was subjected to unlawful acts of Discrimination, and she was further subjected to a hostile work environment based on her Age.

144.     On or about February of 2026, Plaintiff engaged in statutorily protected activity and complained about Age discrimination.

145.     This complaint constituted protected activity under FCRA.

146.     On or about March 25th, 2026, weeks after Plaintiff had engaged in statutorily protected activity, Defendant JUPITER INTERNAL MEDICINE terminated Plaintiff's employment via written correspondence.

147.     By disregarding Plaintiff's complaints and failing to remedy the situation, Defendant knowingly ratified and reinforced its discriminatory conduct. Defendant's refusal to act, despite being placed on clear notice that Plaintiff's was being discriminated, demonstrates willful and reckless disregard for Plaintiff's state protected rights.

148.     Plaintiff was replaced by a younger employee with far less experience.

149.     Plaintiff's termination occurred shortly after she engaged in protected activity by opposing age discrimination.

150.      This protected activity resulted in retaliatory adverse actions that altered the terms, conditions, and privileges of the Plaintiff's employment.

151. Defendant JUPITER INTERNAL MEDICINE is subject to vicarious liability because it failed to take adequate remedial measures to halt the Discrimination, Hostile Work Environment, and Retaliation to which Plaintiff was subjected, despite Defendant's knowledge that such Discrimination, Hostile Work Environment, and Retaliation were occurring.

152. Furthermore, Defendant knowingly condoned and ratified the Age Discrimination and retaliation against Plaintiff.

153. As a direct and proximate result of the actions and/or omissions of Defendant, Plaintiff has suffered injury and losses, including a violation of her statutory rights.

154. The Plaintiff has no plain, adequate, or complete remedy at law. She is suffering and will continue to suffer irreparable injury in the form of psychiatric and psychological harm, extreme emotional distress, emotional pain, mental anguish and humiliation, loss of dignity, enjoyment of life, loss of past and future wages, and an inability to earn wages in the future. These losses are continuing and will continue in the future.

155. Plaintiff CAMPOS has retained the law offices of the undersigned attorney to represent her in this action and is obliged to pay reasonable attorneys' fees and costs.

<u>Prayer For Relief</u>

Wherefore, Plaintiff CAMPOS respectfully requests that this Court;

A. Grant a permanent injunction enjoining Defendant JUPITER INTERNAL MEDICINE, its officers, successors, assigns, and all persons in active concert or

participation with it from engaging in further discriminatory practice in violation of the FCRA, Fla. Stat. Section 760.10, (7).

B.  Award Plaintiff CAMPOS judgment against Defendant JUPITER INTERNAL MEDICINE for compensatory damages as determined by the Trier of fact.

C.  Award Plaintiff restitutionary damages, including back pay, front pay, liquidated damages, any "Employee Welfare Benefits", and retirement benefits for the time the Plaintiff should have worked absent Defendant's discriminatory treatment.

D.  Enter Judgment for Punitive damages against Defendant JUPITER INTERNAL MEDICINE.

E.  Award all reasonable Attorney's fees and costs incurred in connection with this action; and any other and further relief as justice may require.

<u>Jury Trial Demand</u>

Plaintiff CAMPOS demands a trial by jury on all issues triable as a matter of right.

Dated: July 20th, 2026

Respectfully submitted,

By:  _/s/ *Alexis Mena-Glasgow*_
**Alexis Mena-Glasgow**
SIMPSON & MENA, P.A.
Florida Bar No.: 117839
2250 SW Third Avenue
Suite 501
Miami, FL 33129
Telephone: (305) 912-7665
alexis@simpsonmenalaw.com
*Attorney for Plaintiff*